## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| QUINTEN BECKINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 22-2410-KHV |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Quinten Beckingham appeals the final decision of the Commissioner of Social Security to deny disability, child insurance benefits and supplemental security income under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-34.  For reasons stated below, the Court affirms the decision of the Commissioner.

### Procedural Background

On March 26, 2018, plaintiff filed applications with the Social Security Administration for supplemental security income and child's insurance benefits based on disability.  He alleged a disability onset date of September 13, 2017.  Because he was under 22 years of age at the time of the alleged onset date, plaintiff could apply for child's insurance benefits under Section 202(d) of the SSA.  Initially and on reconsideration, the agency denied plaintiff's applications. On March 22, 2022, an administrative law judge ("ALJ") concluded that plaintiff was not disabled as defined in the SSA and was not entitled to benefits.  See Transcript Of The Administrative Record ("Tr.") (Doc. #5-3) filed December 9, 2022 at 9–11.  On September 16, 2022, the Appeals Council denied plaintiff's request for review.  Tr. 2–5.  The decision of the ALJ stands as the final decision of the Commissioner.  See 42 U.S.C. § 405(g).

**Factual Background**

The following is a brief summary of the factual record.

On September 13, 2017, the alleged onset date, plaintiff was 20 years old.  Tr. 320. Following the alleged onset date, plaintiff worked sporadically as a cashier, restaurant host and in retail positions, but his earnings did not qualify as substantially gainful activity.[1]  Tr. 364, 367. Plaintiff has graduated high school and completed two years of college.  Tr. 367.

Plaintiff alleges that he is disabled because he suffers from common variable immune disorder ("CVID") and Factor F Leiden.  Plaintiff's appeal focuses on the ALJ's consideration of his CVID and related limitations.  Plaintiff's Initial Social Security Brief (Doc. #8) filed February 21, 2023 at 35–45.

I.      **Relevant Medical Evidence Before The ALJ**

Plaintiff has a history of CVID and has been treated for various chronic infections secondary from this condition.[2]  Tr. 574.  For example, in August of 2016, approximately a year before plaintiff's alleged disability onset date, he was hospitalized for pneumonia and related complications.  Tr. 656, 672, 853, 1011–20, 1618.  In early 2017, plaintiff required outpatient treatment for a skin infection after missing a month of Hizentra doses.  Tr. 581, 607, 647–54.  In

---

[1]      Plaintiff reported lifetime earnings of $5,636.00.  Tr. 25.  To be eligible for disability benefits, a person must be unable to engage in substantial gainful activity.  20 C.F.R. § 404.1571.  The amount of monthly earnings considered substantially gainful employment depends on the nature of a person's disability.  See Substantial Gainful Employment, SOCIAL SECURITY ADMINISTRATION, https://www.ssa.gov/oact/cola/sga.html (last visited June 28, 2023).

[2]      CVID is an immune system disorder which causes low levels of proteins that help fight infections.  CVID is characterized by repeated infections in the ears, sinuses and respiratory system, increased risk of digestive disorders, autoimmune disorders, blood disorders and cancer. CVID can be inherited or developed during one's lifetime.  See Common Variable Immunodeficiency https://www.mayoclinic.org/diseases-conditions/common-variable-immunodeficiency/symptoms-causes/syc-20355821  (last visited July 13, 2023).

June of 2017, after plaintiff switched from weekly subcutaneous Hizentra injections to monthly intravenous immunoglobin ("IVIG") infusions, his CVID was "well controlled." Tr. 609, 720, 739, 1292.

In May of 2018, plaintiff was hospitalized for bilateral leg deep venous thrombosis ("DVT"), plaintiff's only hospitalization during his alleged period of disability. Tr. 809, 846–47, 1105, 1146–47, 1183, 1422–23. Due to a change in his medical insurance, plaintiff reported "recurrent sinus and pulmonary infections" and difficulty getting IVIG infusions for the preceding three months. Tr. 809, 850. Prior to this hospitalization, plaintiff had taken oral antibiotics for an upper respiratory infection and pharyngitis symptoms. Tr. 812–13, 814, 1336. A physician treated plaintiff's DVT with Lovenox and discharged him with Eliquis to prevent blood clots. Tr. 846. By late 2018, plaintiff had recovered from his DVT and denied any recent infections. Tr. 1140, 1217, 1268, 1237, 1280, 1336.

As to functional limitations, plaintiff testified that he could drive and take care of his personal needs. Tr. 64. Plaintiff testified that at any time, he could walk for about four minutes, stand for about three to four minutes, sit for about than ten minutes and lift no more than five pounds. Tr. 64. Plaintiff further stated that he cannot engage in normal social activities and struggles with mood swings. Tr. 79–80. Plaintiff reported that he lives with his mother, and she has assumed cleaning, cooking and shopping responsibilities. Tr. 61, 83.

In March of 2019, when conducting a consultative psychological evaluation, Karen M. Jordan, Ph.D., reported that plaintiff was cooperative, fully oriented and that his affect and mood were appropriate. Tr. 22, 1447–448. In August of 2021, during a neurological examination, Stacy D. Younger, MD, reported that plaintiff exhibited full orientation, intact memory and normal attention and fund of knowledge. Tr. 22, 1581. Finally, in February of 2022, during a counseling

session, plaintiff reported that he had returned to college classes and applied to nursing school.

Tr. 22, 1676.

## II.     ALJ Findings

The ALJ denied benefits at steps three and four, finding that plaintiff was not disabled and was capable of performing work.  In his order of March 22, 2022, the ALJ made the following findings:

> 1.   Born on December 10, 1996, the claimant had not attained age 22 as of September 13, 2017, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).
>
> 2.  The claimant has not engaged in substantial gainful activity since September 13, 2017, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: asthma, mild hearing loss, pars defect of the lumbar spine, common variable immune deficiency ("CVID"), anxiety disorder, and depression disorder.
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5.  After careful consideration of the entire record, I find that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  Except that the claimant can occasionally climb stairs and ramps, but never climb ladders, ropes, or scaffolds.  He can occasionally stoop, kneel, crouch, or crawl.  He is limited to frequent not constant overhead reaching. He should avoid concentrated exposure to extreme heat or cold, excessive vibration, pulmonary irritants, unprotected heights, and hazardous machinery.  He should work in an environment with no more than a moderate noise level.  He can understand, remember, and carry out at least simple instructions; maintain concentration and attention for two-hour segments over an 8-hour period; make simple work-related decisions; adapt to routine or simple work changes, where such changes are few and infrequent; perform routine and repetitive tasks; and perform work at a normal pace without high-rage production quotas.  The job should require no more than occasional contact with the public, coworkers, and supervisors.
>
> 6.  The claimant has no past relevant work.
>
> 7.  The claimant was born on December 10, 1996 and was 20 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date.

8.  The claimant has at least a high school education.

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from September 13, 2017, through the date of this decision.

Tr. at 15–27 (citations omitted).

## Legal Standards

### I.      Standard of Review

The Court must determine whether the Commissioner's decision is free from legal error and substantial evidence supports it.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)).  It requires "more than a scintilla, but less than a preponderance."  Id. (quoting Lax, 489 F.3d at 1084). Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion."  Grogan v. Barnhart, 399 F.3d 1257, 1261–62 (10th Cir. 2005).  To determine if substantial evidence supports the decision, the Court will not reweigh the evidence or retry the case, but will examine the record as a whole, including anything that may undercut or detract from the Commissioner's findings.  Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).

### II.     Disability Determination

Plaintiff bears the burden of proving disability under the Social Security Act.  See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity for at least 12 months due to a medically

determinable impairment.  42 U.S.C. § 423(d)(1)(A).  To determine whether claimant is disabled, the Commissioner applies a five-step sequential evaluation: (1) whether claimant is currently working; (2) whether claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) whether the impairment prevents claimant from continuing past relevant work; and (5) whether the impairment prevents claimant from doing any kind of work.  See 20 C.F.R. §§ 404.1520, 416.920.  If claimant satisfies steps one, two and three, he will automatically be found disabled; if claimant satisfies steps one and two, but not three, he must satisfy step four.  If step four is satisfied, the burden shifts to the Commissioner to establish that claimant is capable of performing work in the national economy.  See Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).

## Analysis

Plaintiff challenges the ALJ's step three finding that he does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix ("Listing of Impairments").  Specifically, plaintiff argues that the ALJ did not property define or analyze the requirements of paragraphs A and C of Listing 14.07 and that therefore, substantial evidence does not support his findings. See Listing of Impairments ¶ 14.07.

A claimant is disabled if the Commissioner determines at step three that his impairment meets or equals one of the presumptively disabling impairments included in the Listing of Impairments.  See § 404.1520(d); Sullivan v. Zebley, 493 U.S. 521, 532 (1990).  Listings under 14.00 cover immune system disorders.  Listing of Impairments ¶ 14.00A.  In deciding this issue, Tenth Circuit precedent requires the ALJ "to discuss the evidence and explain why he found that [plaintiff] was not disabled at step three."  Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).

Plaintiff argues that when considering Listings 14.07A and 14.07C, the ALJ failed to comply with this requirement.

## I.        14.07A

Plaintiff asserts that the ALJ erred because he failed to properly define Listing 14.07A in his step three finding.  The Commissioner responds that plaintiff bases his argument on "a critical misunderstanding of Listing 14.07A's requirements" and that the ALJ correctly concluded that plaintiff had not established that his medical history met those requirements.  Brief Of The Commissioner (Doc. #14) filed May 10, 2023 at 7.

Listing 14.07A provides that a claimant is presumptively disabled if: (1) he has an immune deficiency disorder other than HIV with (2) one or more of six listed infections, including pneumonia and sinusitis, that (3) "must either be resistant to treatment or require hospitalization or intravenous treatment three or more times in a 12-month period."  Listing of Impairments ¶ 14.07A.

Relying on Racette v. Berryhill, 734 F. App'x 592 (10th Cir. 2018), plaintiff asserts that the ALJ erred because he did not explicitly discuss the criteria regarding "intravenous treatment three or more times in a 12-month period."  Plaintiff's Initial Social Security Brief (Doc. #8) filed February 21, 2023 at 39.  In Racette, the ALJ erred because she "did not discuss relevant evidence or tie her step three conclusion to that evidence as required."  734 F. App'x at 596 (citing Clifton, 79 F.3d at 1009).  Specifically, even though the ALJ found at step two that Racette had CVID and recurrent pneumonia, and later noted that Racette also had "repeated episodes of sinusitis and other upper respiratory infections," she concluded at step three that these infections were not sufficiently severe to satisfy Listing 14.07A.  Id. at 594, 596.  The parties did not dispute that Racette received monthly or weekly immunoglobulin infusions, but the ALJ did not consider whether his infections

required hospitalization or intravenous treatment three or more times in a 12-month period.  Id. at

596.   Ultimately, the Tenth Circuit found "no indication" that the ALJ considered whether

Racette's infusions met Listing 14.07A and held that no "reasonable administrative factfinder,

following the correct analysis, would have made this finding."  Id.

      Unlike Racette, the ALJ here discussed the evidence and explained why he found that

plaintiff was not disabled at step three.   Specifically, as to Listing 14.07A, the ALJ found as

follows:

> Looking at Listing 14.07 Immune deficiency disorders, excluding HIV infection,
> the medical evidence of record does not meet any parts of Listing 14.07 (A), (B),
> or (C). While the claimant CVID [sic] has been diagnosed and treated for
> pneumonia and has required recommended rhinoplasty for sinusitis fractures, he
> has not required hospitalizations three or more times in a 12-month period.
> Moreover, with ongoing IVIG infusions and compliance with his treatment
> regimen, the claimant's CVID has generally been stable.

Tr. 16.  The ALJ discussed why plaintiff's CVID did not meet the requirements of Listing 14.07A

and specifically referenced medical evidence.

      Plaintiff argues that ALJ erred because he did not explicitly state that plaintiff's pneumonia

and sinusitis did not require *intravenous treatment* three or more times in a 12-month period.

Immediately after addressing the hospitalization requirement, however, the ALJ noted plaintiff's

IVIG infusions, which demonstrates that the ALJ considered them under Listing 14.07A.  Cf.

Racette, 734 F. App'x at 596 (*no* indication that ALJ considered whether infusions satisfied Listing

14.07A).  Moreover, plaintiff does not assert and the record does not show that plaintiff required

intravenous treatment three or more times in a 12-month period to treat his pneumonia and

sinusitis.  Racette is not instructive and on the merits, plaintiff has not established a disability under

the correct analysis.

      Because the ALJ discussed the evidence and explained why he found that plaintiff was not

disabled under Listing 14.07A, the ALJ did not err.  Substantial evidence supports his conclusion that plaintiff did not satisfy the Listing 14.07A criteria.

## II.      14.07C

Listings under 14.00 cover immune system disorders such as CVID.  Listing of Impairments ¶ 14.00A.  Under Listing 14.07C, a claimant is presumptively disabled if he has (1) "[r]epeated manifestations of an immune deficiency disorder," with (2) "at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)," and (3) a "marked" limitation in "activities of daily living," "maintaining social function," or "completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." Listing of Impairments ¶ 14.07C.[3]

After determining that plaintiff did not satisfy Listing 14.07A, the ALJ considered whether plaintiff met Listing 14.07C.  Specifically, the ALJ found that plaintiff did not meet or medically equal Listing 14.07C and reasoned as follows:

> Although the claimant's allegations of limitations in daily living, social functioning, and completing tasks appears to meet Listing 14.07(C), the claimant's allegations/symptoms are not fully supported by the medical evidence of record. As discussed in more detail below, the claimant admits to attending college courses and doing well (Exhibit 29F/2 and hearing testimony).  Furthermore, many of the claimant's limitations in activities of daily living appear to be related to him living with his mother, who has assumed many responsibilities of cleaning, cooking, and shopping (Exhibits 7E-9E; and hearing testimony).    Indeed, the physical examination findings do not support any significant limitations in functioning, nor do the mental status examination findings (See Exhibits 4F/1-2; 10F/5-6; 12F/8; 16F; 25F; 26F; 28F; and 29F).

Tr. 16–17.  The ALJ discussed why plaintiff's functional limitations did not meet the requirements

---

[3]      The relevant regulations define "marked" limitation to mean a degree of limitation in one or more activities that is "more than moderate but less than extreme" and "seriously interferes with [claimant's] ability to function independently, appropriately, and effectively." Listing of Impairments ¶ 14.00I5.

of Listing 14.07C and specifically referenced medical evidence.  See Clifton, 79 F.3d at 1009.

Plaintiff alleges that the ALJ erred because he defined plaintiff's "functional limitations **outside** the context of listing 14.00" and "within the context of Listings 1.15 or 1.16 and 12.00." Plaintiff's Initial Social Security Brief (Doc. #8) filed February 21, 2023 at 42 (emphasis in original).  The Commissioner responds that the ALJ did not err because he thoroughly explained why plaintiff failed to demonstrate marked limitations in his activities as required to meet Listing 14.07C.

Although plaintiff's argument is confusing, he seems to complain that the ALJ evaluated his functional limitations under Listings 1.15 or 1.16 and 12.00 in addition to Listing 14.07C.  For example, the ALJ considered plaintiff's functional limitations under Listings 12.04 and 12.06, which addressed the impact of plaintiff's mental disorders.  Tr. 17.  The ALJ also considered plaintiff's functional limitations under Listings 1.15 and 1.16, which cover skeletal spine abnormalities or injuries.  Tr. 15–17.

Plaintiff does not respond to the Commissioner's arguments about Listing 14.07C.  Also, he does not explain—and the Court does not see—how this independent analysis constitutes legal error under Listing 14.07C.  The ALJ must discuss the evidence and explain why he found that plaintiff did not satisfy Listing 14.07C.  Clifton, 79 F.3d at 1009.  As shown above, the ALJ did so.

The Court finds that the ALJ did not err in his step three analysis and that substantial evidence supports his finding.  Plaintiff has therefore not established error in the ALJ's opinion.

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **AFFIRMED.**

Dated this 14th day of July, 2023 at Kansas City, Kansas.

-10-

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge